IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILLIS DOUGLAS ROBINSON, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | 3:06-CV-1573-R |
| | ) | ECF |
| NATHANIEL QUARTERMAN, Director, | ) | |
| Texas Department of Criminal Justice, | ) | |
| Correctional Institutions Division, | ) | |
|     Respondent. | ) | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, the subject cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type Case: This is a petition for a writ of habeas corpus brought by a state prisoner pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is presently confined at the Briscoe Unit of the Texas Department of Criminal Justice -- Correctional Institutions Division (TDCJ-CID) in Dilley, Texas. Respondent is the Director of TDCJ-CID. The Court did not issue process in this case, pending preliminary screening.

Statement of Case: Following a plea of not guilty, Petitioner was convicted of aggravated robbery and sentenced to twenty-five years imprisonment in the 194th Judicial District Court of Dallas County, Texas, in Cause No. F00-47191. On June 27, 2002, the Court of

Appeals affirmed his conviction.  *State v. Robinson*, No. 05-01-00255-CR (Tex. App. --Dallas 2002), http://www.courtstuff.com/FILES/05/01/05010255.HTM (Docket Sheet information generated on August 21, 2006).

Thereafter, on April 4, 2003, Petitioner filed his first application pursuant to art. 11.07, of the Texas Code of Criminal Procedure, seeking an out-of-time petition for discretionary review (PDR).  *See* Attachment I, Judicial Information for No. W-0047191-A, reflecting file date in top right hand corner.  On January 28, 2004, the Court of Criminal Appeals granted him leave to file an out-of-time PDR.  *See Ex parte Robinson,* No. WR-55,497-02, www.cca.courts.state.tx.us/opinions/Case.asp?FilingID=221403, and No. AP-74,869, http://www.cca.courts.state.tx.us/opinions/Case.asp?FilingID=223392.  On April 1, 2004, Petitioner promptly filed the out-of-time PDR, which the Court of Criminal Appeals refused on June 30, 2004.  See No. PD-0515-04, www.cca.courts.state.tx.us/opinions/Case.asp?FilingID=224999 (Docket Sheet information generated from the Texas Judiciary Online – Court of Criminal Appeals).

On May 20, 2005, Petitioner filed his second art. 11.07 petition.  *See* Attachment II, Judicial Information for No. W-0047191-B, reflecting file date in top right hand corner.  On July 19, 2006, the Court of Criminal Appeals denied relief without written order on the trial court's findings without a hearing.  *Ex parte Robinson,* No. WR-55,497-04, www.cca.courts.state.tx.us/opinions/Case.asp?FilingID=241834 (Docket Sheet information generated from the Texas Judiciary Online – Court of Criminal Appeals).

In this federal petition, filed on August 16, 2006, Petitioner alleges there was no affirmative evidence linking him to the crime, the evidence was factually insufficient, and trial

and appellate counsel rendered ineffective assistance.[1]

Findings and Conclusions: The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. *See* 28 U.S.C. § 2244(d). The district court may raise the affirmative defense of the statute of limitations *sua sponte*. *See Kiser v. Johnson*, 163 F.3d 326 (5th Cir. 1999); *see also Day v. McDonough*, ___ U.S. ___, 126 S.Ct. 1675, 1684 (2006) (district courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition in process issued cases).[2]

The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See id.* § 2244(d)(1)(A)-(D).

---

[1] For purposes of this recommendation, the petition is deemed filed on August 16 2006, the date Petitioner signed the federal petition, and presumably placed it in the prison mail. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (holding that a federal petition is deemed filed for determining application of the AEDPA when the prisoner tenders it to prison officials for mailing).

[2] On August 30, 2006, the Court informed Petitioner of the one-year statute of limitations and granted him thirty days to show cause why the petition should not be dismissed as barred by the limitation period. Petitioner filed his response to the show cause order on September 28, 2006.

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing the federal petition. Nor does he base his petition on any new constitutional right under subparagraph (C). With regard to subparagraph (D), the Court determines that the facts supporting the claims raised in the instant petition became known or could have become known prior to the date Petitioner's state judgment of conviction became final. Thus, the Court will calculate the one-year statute of limitations from the date Petitioner's conviction became final at the conclusion of direct review or upon the expiration of the time for seeking such review. *See* 28 U.S.C. § 2244(d)(1)(A).

Petitioner's conviction became final on July 27, 2002, thirty days after his conviction was affirmed on direct appeal. The one-year period began to run on July 28, 2002, the day after his conviction became final. *See Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998). As of the filing of the first art. 11.07 application on April 4, 2003, 250 days of the one-year period had elapsed. The state application remained pending until January 28, 2004, during which time the one-year period was statutorily tolled pursuant to 28 U.S.C. § 2244(d)(2). *See Sonnier v. Johnson*, 161 F.3d 941, 944 (5th Cir. 1998); *Fields v. Johnson*, 159 F.3d 914, 916 (5th Cir. 1998). Since Petitioner had been granted an out-of-time PDR, statutory tolling of the one-year period continued until June 30, 2004, when the Court of Criminal Appeals refused the out-of-time PDR. The Fifth Circuit has recognized that "when a petitioner convicted in the Texas system acquires the right to file an 'out-of-time' PDR, the relief tolls the AEDPA's statute of limitations until the date on which the Court of Criminal Appeals declines to grant further relief." *Salinas v. Dretke*, 354 F.3d 425, 430 (5th Cir. 2004).

The one-year limitations period resumed running on July 1, 2004, and expired 115 days

4

later on October 24, 2004.  Because that date fell on a Sunday, the limitations period was extended to the following Monday, October 25, 2004.  *See* Fed.R.Civ.P. 6(a); *Flanagan v. Johnson,* 154 F.3d 196, 200-01 (5th Cir.1998) (applying Rule 6(a)).  Petitioner's second art. 11.07 application, filed on May 20, 2005, after the expiration of the one-year period did not statutorily toll the limitation period under § 2244(d)(2).  *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).  Therefore, the federal petition, is clearly untimely absent equitable tolling.

In response, to the order to show cause, Petitioner argues the federal petition is timely because it was filed within one-year of the refusal of the out-of-time PDR.  (*See* Pet's Response to Show Cause at 3-4).  He argues that the granting of the out-of-time PDR "place[d] the Petitioner back in the position as though his appeal ha[d] just been affirmed."  (*Id.*).  He, thus, asserts that "his conviction did not become final until the Court of Criminal Appeals refused his Petition for Discretionary Review" on June 30, 2004.  (*Id.*).  This contention is meritless.

The Fifth Circuit Court of Appeals has specifically held that the granting of an out-of-time PDR "does not . . . restart the running of AEDPA's limitations period."  *Salinas v. Dretke*, 354 F.3d 425, 430 (5th Cir. 2004).  Rather, "when a petitioner convicted in the Texas system acquires the right to file an "out-of-time" PDR, the relief tolls the AEDPA's statute of limitations until the date on which the Court of Criminal Appeals declines to grant further relief."  Id.

Here statutory tolling due to the granting of the out-of-time PDR is available, but only until June 30, 2004, the date on which the Court of Criminal Appeals refused the out-of-time PDR.  By the time Petitioner filed his second state writ -- about ten and one-half months later -- the one-year period had long expired.  Accordingly, the federal petition (deemed filed as of August 16, 2006, more than two years after the one-year period had elapsed) is clearly time

5

barred.

Petitioner does not request equitable tolling of the limitation period in response to the order to show cause. Nevertheless, the pleadings, even when liberally construed in accordance with his *pro se* status, do not present "rare and exceptional circumstances" warranting equitable tolling. *See Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998). Nor do they establish that Petitioner diligently pursued his rights. *See United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). It is now well established that "neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999).

Petitioner's own allegations reflect that this case does not present the type of extraordinary circumstances and due diligence required for equitable tolling. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000), *reh'g granted in part*, 223 F.3d 797 (5th Cir. 2000). Petitioner delayed the filing of his first art. 11.07 application seeking an out-of-time PDR by 250 days after his conviction became final. While that application was granted and he was granted an opportunity to file an out-of-time PDR, he waited ten and one-half months, following the refusal of the out-of-time PDR, before he submitted his second state application. Following the denial of that application, Petitioner delayed an additional month before submitting this federal petition for filing. These delays – clearly of Petitioner's own making – do not evince due diligence. "[E]quity is not intended for those who sleep on their rights. *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999). Therefore, Petitioner is not entitled to equitable tolling.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be DISMISSED with prejudice as barred by the one-year limitation period. *See* 28 U.S.C. § 2244(d).

The Clerk will transmit a copy of this recommendation to Petitioner.

Signed this 20th day of December, 2006.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

**ATTACHMENT I**

**ATTACHMENT II**